MARTÍN, ISABEL, JUANA BASILISA and MARÍA DEL CARMEN GONZÁLEZ-BERMÚDEZ, Plaintiff-Appellants, v. RAMÓN DÍAZ and VALERIANA, MARÍA and FELIPA GONZÁLEZ COLÓN, Defendant-Appellants.

No. 3735. Argued December 10, 1925.—Decided March 10, 1927.

G. *Zeno Sama* and *Simón Largé* for the appellants. *Luis Mercader* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

José Antonio González Rivera mortgaged in 1893 a property of 170 acres to Tomás Aquino González Hernández to secure a debt, and upon his death in the same year a partition of his estate was made by his widow and by a guardian appointed by the court of first instance to represent his minor children. By this partition, which was approved by the court and recorded in the registry of property, the widow was awarded the 170 acres in consideration of her dowry, of her portion of the acquets and for the payment of the debts of the estate. In 1896 the widow segregated 112 acres from the 170 acres to pay the mortgage debt to Tomás Aquino González. One hundred acres were segregated out of the 112 acres by Tomás Aquino González for the payment of a debt of his, which he subsequently bought back and owned at the time of his death, it being allotted in joint ownership to his eight natural children. Three of these children sold their jointly owned portions to Ramón Díaz Román.

.Subsequently four of the six children and heirs of Juan Antonio González Rivera, the original owner of the 170-acre property, sued Ramón Díaz Román and the three heirs of Tomás Aquino González who had not sold their jointly owned portions in revendication of the 100 acres, basing their action on the case of *Longpré* v. *Díaz*, 237 U. S. 519, and at the request of the defendants the court ordered the summoning of the parties who sold their jointly owned portions to Ramón Díaz and of the other joint owners, including later as party defendant María Josefa Bermúdez, widow of Tomás Aquino González.

The defendants answered the complaint, giving a history of the property in question and alleging that the 100 acres had been publicly sold by The People of Porto Rico on December 5, 1922, for the payment of taxes, together with another property of 51.37 acres, and that both had been sold to Alberto Sureda who subsequently sold five-eighths thereof in joint ownership to Ramón Reboyras.

The case was tried and a judgment was rendered sustaining the complaint and ordering the defendants to acknowledge each of the plaintiffs as a joint owner of an eighth of the 100 acres, with costs. This judgment was appealed from by the defendants and by the plaintiffs on the ground that they had not been awarded the fruits of the property.

At the trial it was shown by documentary evidence that the 100 acres property jointly belonging to five of the heirs of Tomás Aquino González and to Ramón Díaz Román in the proportion of five-eighths to the former and three-eighths to the latter had been publicly sold, together with another property of 51.37 acres of that estate, for a certain sum for the payment of taxes on December 5, 1922, to Alberto Sureda who received from the revenue collector a certificate of the sale on January 30, 1923; that a year afterwards on February 14, 1924, Sureda sold his five jointly owned portions in the 100 acres to Ramón Reboyras and consequently, as the

collector sold to Alberto Sureda the 100 acres property which is the object of this action in revendication, the defendants can not be adjudged to acknowledge the joint ownership of the plaintiffs in a property which does not belong to them. It is true that the plaintiffs showed that on the 28th of January, 1924, they had deposited in the municipal court of Utuado in favor of Ramón Reboyras a certain sum of money for the redemption of the 100 acres according to the estimate made by them of the value of the property, which deposit had been declared by the court not to have been properly made at the trial of the case, but which, whatever the result, has no weight in this action because it shows that the plaintiffs acknowledged that the property belonged to a person other than the defendants, as they tried to recover it from Reboyras, and because if such deposit converted or could convert them into owners the action of revendication prosecuted by them could not prosper.

Plaintiffs also appealed from the judgment because they were not adjudged the fruits as prayed for. Though they have not filed any brief in support thereof, it is unnecessary in view of the conclusion which we have reached on defendants' appeal.

For the foregoing reasons the appeal of plaintiffs must be dismissed and that of defendants sustained, reversing the judgment appealed from and dismissing the complaint without special pronouncement of costs.